# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### NOVEMBER 1997 SESSION



**FILED**

November 25, 1997

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 02C01-9705-CC-00183** |
| Appellee, | ) | |
| | ) | **HARDEMAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **RANDY JOY,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Delivery of Cocaine) |

**FOR THE APPELLANT:**

**JEANNIE KAESS (At Trial)**
Assistant District Public Defender
P. O. Box 700
Somerville, TN 38068

**C. MICHAEL ROBBINS (On Appeal)**
3074 East Street
Memphis, TN 38128

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Cordell Hull Bldg., 2nd Floor
425 5th Avenue, North
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General

**JERRY W. NORWOOD**
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## **O P I N I O N**

The defendant, Randy Joy, was convicted by a Hardeman County jury of delivering cocaine over 0.5 grams, a Class B felony. Defendant was sentenced as a Range I, Standard Offender, to a term of eleven (11) years in the Tennessee Department of Correction and fined in the amount of $5,000. Defendant presents the following issues for our review:

(1)     whether a proper foundation was laid for the testimony of the drug analyst concerning the weight of the cocaine;

(2)     whether the trial court should have admitted evidence relating to the informant's girlfriend handling cocaine; and

(3)     whether defendant's prior drug conviction was properly admitted.

We affirm the judgment of the trial court.

## **FACTS**

Although sufficiency of the evidence is not an issue in this appeal, a brief recitation of the facts is appropriate. The local Drug Task Force employed a confidential informant as a part of an undercover drug operation. The informant arranged a narcotics transaction with the defendant. The narcotics agent gave the informant $100 to be used in the purchase of cocaine and wired the informant.

The confidential informant met the defendant at a prearranged location. The defendant requested the money, and the confidential informant gave him $80. Defendant departed in his vehicle and returned approximately fifteen minutes later. Defendant then handed the confidential informant a plastic bag containing five (5) rocks of crack cocaine. The narcotics agent followed the informant back to his mobile home and obtained possession of the narcotics and the recorder.

2

**TESTIMONY CONCERNING WEIGHT OF COCAINE**

The state presented evidence from a forensic scientist specializing in drug identification. When the witness testified that "I weighed it . . . I determined that the substance weighed .6 grams," defense counsel objected. The basis of the objection was a failure to lay a proper foundation regarding the accuracy of the measuring instrument. The objection was overruled. Defense counsel did not cross-examine the witness.

Defense counsel has not cited nor have we discovered any case requiring that a forensic scientist testify as to the calibration and accuracy of a weighing instrument prior to being allowed to testify as to the weight of a particular substance. Tenn. R. Evid. 705 provides that experts may express opinions and give reasons without the prior disclosure of the underlying facts or data, unless required by the court. The rule further provides that the expert may be required to disclose the underlying facts or data upon cross-examination. Defense counsel chose not to cross-examine the witness concerning the weighing instrument.

Defendant primarily relies upon State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), which established certain minimal requirements relating to the admissibility of the results of a breath testing device. Sensing is distinguishable. Police officers are not recognized as experts on blood alcohol concentration or the manner in which certain instruments perform this measurement. The forensic scientist who determined the weight of this controlled substance was recognized as an expert witness. As such, her testimony is controlled by the law relating to expert witnesses. Certainly, defense counsel was free to cross-examine the witness concerning the accuracy of the weighing instrument. However, we find no reason to extend Sensing to forensic scientists who testify concerning the weight of a particular substance.

This issue is without merit.

## BIAS OF THE INFORMANT

The defense called as a witness an officer who had worked with the informant. The defense endeavored to introduce a videotape of a transaction in an unrelated case. Defendant contends that the tape shows the informant's girlfriend handling cocaine during a transaction. Defense counsel contends this is relevant to show the bias of the informant toward the state in order to prevent the prosecution of his girlfriend for handling the cocaine. The trial court disallowed the testimony.

Certainly, evidence of bias of a witness is relevant and admissible. Tenn. R. Evid. 616; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). However, no party may examine a witness upon irrelevant matters. Tenn. R. Evid. 402. The propriety, scope, manner and control of the examination of witnesses is a matter within the discretion of the trial court, subject to appellate review on an abuse of discretion standard. State v. Caughron, 855 S.W.2d 526, 540 (Tenn. 1993), *cert. denied* 510 U.S. 979, 114 S.Ct. 475, 126 L.Ed. 2d 426 (1993).

We find no abuse of discretion by the trial court in this instance. There was no showing that the drugs allegedly handled by the girlfriend were not properly handed over to authorities. Defendant simply contended she did not have the authority to handle the drugs, and her handling of the drugs would be a criminal offense. We fail to see how this testimony would have shown bias on the part of the informant. At most, the failure to admit such evidence was harmless error. Tenn. R. App. P. 36(b).

This issue is without merit.

## PRIOR CONVICTIONS

Prior to defendant's testimony, the trial court ruled that the defendant could not be impeached by a prior conviction for the sale of cocaine. During defendant's direct examination, he was asked whether he delivered the cocaine to the informant.

4

He remarked, "I don't do drugs; I don't sell drugs." Defendant further stated on three other occasions that he did not sell drugs. The prosecuting attorney secured permission of the trial court at a bench conference to ask about the prior conviction in light of this testimony. The trial court found that the defendant "made a blanket statement that he doesn't sell drugs" and opened the door for admission of the prior drug conviction. Upon cross-examination, the prosecuting attorney asked the defendant about the prior drug conviction.

We conclude that the defendant's testimony opened the door to the state's cross-examination about the previous drug conviction. *See* State v. Bray, 669 S.W.2d 684, 687 (Tenn. Crim. App. 1983). In fact, the defendant stated on four separate occasions that he did not sell drugs. This clearly left the implication that he had never been involved in the sale of drugs. The state had a right to challenge the implication left with the jury. The trial court did not abuse its discretion in allowing the introduction of this evidence.

This issue is without merit.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE

5

**CONCUR:**

_____

**GARY R. WADE, JUDGE**


_____

**DAVID G. HAYES, JUDGE**